UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MITCHELL KEITH GOODRUM,<br><br>　　Plaintiff<br><br>v.<br><br>10TH JUDICIAL DISTRICT COURT et al.,<br><br>　　Defendants | Case No.: 3:24-cv-00011-MMD-CSD<br><br>**Report & Recommendation of<br>United States Magistrate Judge**<br><br>Re: ECF Nos. 1-1, 4 |

　　This Report and Recommendation is made to the Honorable Miranda M. Du, Chief United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

　　Plaintiff, who is an inmate in custody of the Nevada Department of Corrections (NDOC) has filed an application to proceed in forma pauperis (IFP) (ECF No. 4) and pro se complaint (ECF No. 1-1).

## I. IFP APPLICATION

　　A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

　　The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

An inmate submitting an application to proceed IFP must also "submit a certificate from the institution certifying the amount of funds currently held in the applicant's trust account at the institution and the net deposits in the applicant's account for the six months prior to the date of submission of the application." LSR 1-2; *see also* 28 U.S.C. § 1915(a)(2). If the inmate has been at the institution for less than six months, "the certificate must show the account's activity for this shortened period." LSR 1-2.

If a prisoner brings a civil action IFP, the prisoner is still required to pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1). The court will assess and collect (when funds exist) an initial partial filing fee that is calculated as 20 percent of the greater of the average monthly deposits or the average monthly balance for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A)-(B). After the initial partial filing fee is paid, the prisoner is required to make monthly payments equal to 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency that has custody of the prisoner will forward payments from the prisoner's account to the court clerk each time the account exceeds $10 until the filing fees are paid. 28 U.S.C. § 1915(b)(2).

Plaintiff's certified account statement indicates that his average monthly balance for the last six months was $111.85, and his average monthly deposits were $45.83.

Plaintiff's application to proceed IFP should be granted. Plaintiff is required to pay an initial partial filing fee in the amount of $22.37 (20 percent of $111.85). Thereafter, whenever

his prison account exceeds $10, he must make monthly payments in the amount of 20 percent of the preceding month's income credited to his account until the $350 filing fee is paid.

## II. SCREENING

**A. Standard**

Under the statute governing IFP proceedings, "the court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

In addition, under 28 U.S.C. § 1915A, "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In conducting this review, the court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) track that language. As such, when reviewing the adequacy of a complaint under these statutes, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Complaint**

    **1. Summary of Allegations**

Plaintiff's complaint names as defendants: Tenth Judicial District Court (of the State of Nevada); Tenth Judicial District Court Senior Judge Robert E. Estes; the State of Nevada; Nevada Attorney General Aaron Ford; and New River Township (which is described as "the insurer").

Plaintiff alleges that he was representing himself in case 17-10DC-1120A, a habeas corpus petition. Plaintiff requested the appointment of counsel. Karla Butko was appointed as his counsel. Apparently Judge Estes had deemed a second amended habeas petition Plaintiff filed as a fugitive document. Judge Estes ordered Ms. Butko to file a "complete habeas corpus." Instead, she submitted a supplement to the second amended habeas petition (which had been deemed a fugitive document). Plaintiff avers that Judge Estes subsequently denied all motions filed by Plaintiff. He maintains that Judge Estes is biased against him. He further alleges that he was subject to an evidentiary hearing when a proper habeas petition was not in place.

Plaintiff does not name Ms. Butko as a defendant, but frequently asserts that she was ineffective in failing to file a proper habeas petition.

Plaintiff alleges that Judge Estes erred in failing to have Ms. Butko comply with the order to file a complete habeas petition, and as such Plaintiff claims Judge Estes violated the Fourteenth Amendment by failing to protect Plaintiff, who was an indigent party. He also contends that the evidentiary hearing was a "farce" and a "sham," and was not intended to afford Plaintiff due process.

**2. 42 U.S.C. § 1983**

"[Section] 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (citation and quotation marks omitted). To state a claim under Section 1983, a litigant must assert: "(1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law." *Crumpton v. Gates*, 947 F.3d 1418, 1420 (9th Cir. 1991).

///

### 3. Tenth Judicial District Court and Senior Judge Estes

While the Tenth Judicial District Court sits in Churchill County, it is a state court created pursuant to Art. 6 § 1 of the Constitution of the State of Nevada. As such, the Tenth Judicial District Court of the State of Nevada is an arm of the state, and as such, has sovereign immunity under the Eleventh Amendment. *See Munoz v. Superior Court of Los Angeles County*, 91 F.4th 977, 980 (9th Cir. 2024).

Judge Estes is entitled to absolute judicial immunity for acts performed is his official capacity, as alleged here. "This absolute immunity insulates judges from charges of erroneous acts or irregular action, even when it is alleged that such action was driven by malicious or corrupt motives, … or when the exercise of judicial authority is flawed by the commission of grave procedural errors." *In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002) (citations omitted); *see also Moore v. Brewster*, 96 F.3d 1240, 1243 (9th Cir. 1996) (judicial immunity extends to immunity from damages as well as declaratory, injunctive or other equitable relief); *Munoz*, 91 F.4th at 980 (state court judge also has Eleventh Amendment immunity from suit for injunction).

Therefore, Judge Estes and the Tenth Judicial District Court should be dismissed with prejudice.

### 4. State of Nevada & Attorney General Aaron Ford

First, as to the State of Nevada, states are not persons for purposes of section 1983. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997); *see also Cornell v. Hawaii*, 37 F.4th 527, 531 (9th Cir. 2022) ("States or governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes are not 'persons' under § 1983."). Therefore, the State of Nevada should be dismissed with prejudice.

Second, Plaintiff makes absolutely no connection between either the State of Nevada or Attorney General Aaron Ford and the alleged violation of his constitutional rights, which occurred in connection with the litigation of a habeas petition in state court.

The court does not perceive a way that Plaintiff could amend to assert a claim against Attorney General Aaron Ford related to the alleged failure of a state court judge to ensure appointed counsel followed his orders. Therefore, Attorney General Aaron Ford should also be dismissed with prejudice.

**5. New River Township**

While Plaintiff states New River Township is liable as an "insurer," the court takes judicial notice of the fact that New River Township is the name of the justice court in Churchill County. *See* [New River Township Justice Court | Churchill County, NV - Official Website (churchillcountynv.gov)](), last visited April 10, 2024. Article 6, section 1 of the Nevada Constitution also authorized the creation of a court system that includes justices of the peace and permitted the legislature to establish, as part of the state court system, courts for municipal purposes in incorporated cities and towns. New River Township contains a single justice of the peace. *See* [New River Township Justice Court | Churchill County, NV - Official Website (churchillcountynv.gov)](); [Justice Courts | Nevada Judiciary (nvcourts.gov)]() (listing New River Township Justice Court under Nevada courts), last visited April 10, 2024. Therefore, New River Township is also entitled to immunity under the Eleventh Amendment and should be dismissed with prejudice.

Even if New River Township was an insurer, it would not be a state actor for purposes of Section 1983.

1 In any case, there is absolutely no factual connection made between New River Township and the factual predicate for this action. New River Township is not otherwise mentioned in the body of the complaint. Plaintiff's complaint concedes that the habeas proceeding that is at issue took place in the Tenth Judicial District Court; therefore, there is no basis for a claim against the New River Township Justice Court.

Therefore, New River Township should be dismissed. Leave to amend would be futile; therefore, the dismissal should be with prejudice.

**6. Ms. Butko**

Plaintiff does not name Ms. Butko as a defendant, but to the extent he seeks to assert a claim against her for ineffective assistance of counsel under the Sixth Amendment, it should also be dismissed. A public defender acting in the role of advocate, is not a state actor for purposes of section 1983. *See Georgia v. McCollum,* 505 U.S. 42, 53 (1992); *Polk County v. Dodson*, 454 U.S. 312, 320-25 (1981); *Jackson v. Brown*, 513 F.3d 1057, 1079 (9th Cir. 2008). If Ms. Butko was a private attorney appointed as Plaintiff's counsel, she still does not act under color of state law. *Szijarto v. Legeman*, 466 F.2d 864, 864 (9th Cir. 1972) (per curiam). Any argument that Ms. Butko was ineffective as post-conviction counsel should be raised in the appropriate post-conviction proceeding.

In sum, to the extent that the complaint can be construed as asserting a Sixth Amendment claim against Mt. Butko, it should also be dismissed with prejudice.

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order:

(1) **GRANTING** Plaintiff's IFP application (ECF No. 4); however, Plaintiff is required to pay, through NDOC, an initial partial filing fee in the amount of $22.37, within thirty

8

days of the entry of any order adopting and accepting this Report and Recommendation. Thereafter, whenever his prison account exceeds $10, he is required to make monthly payments in the amount of 20 percent of the preceding month's income credited to his account until the full $350 filing fee is paid. This is required even if the action is dismissed, or is otherwise unsuccessful. The Clerk should be directed to **SEND** a copy of an order adopting and accepting this Report and Recommendation to the attention of **Chief of Inmate Services for the Nevada Department of Corrections**, P.O. Box 7011, Carson City, Nevada 89702.

(2) The complaint (ECF No. 1-1) should be **FILED**.

(3) The action should be **DISMISSED WITH PREJUDICE**.

Plaintiff should be aware of the following:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: April 10, 2024

_____
Craig S. Denney
United States Magistrate Judge